USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
MATTHEW L. FERBER,

Plaintiff,

-against-

2641 REST. CORP. et al.,

Defendants.
---------------------------------------------------------------X

**26-CV-3993 (PAE) (KHP)**

**POST-INITIAL CASE MANAGEMENT CONFERENCE ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On September 14, 2026, the parties in the above-captioned case appeared before the undersigned for an initial case management conference. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.** The last date to amend pleadings or join parties is **October 14, 2026**. After that date, there will be no further amendments or joinder of parties absent good cause.

**Discovery.** The Court adopts the parties' proposed case management plan at ECF No. 21 with the following modifications: The parties will be limited to **4** depositions per side and **30** document requests per side. The close of fact discovery will be **March 12, 2027**. This deadline is unlikely to be extended. Affirmative Expert Reports will be due **March 31, 2027**. Rebuttal Expert Reports are due **April 30, 2027**. Expert discovery will be due **May 14, 2027**.

**Discovery Disputes.** The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).** Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses. A failure to comply with this responsibility carries serious consequences. Requests for any and all documents on a broad topic are presumptively improper. Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited. *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Letter.** In lieu of scheduling a Case Management Conference, the parties shall file a status letter on **November 16, 2026**, updating the Court on the status of discovery and mediation.

**Consent.** The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c). If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge. This Order is not meant to interfere in any way with the parties' absolute right to have dispositive

motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED: New York, New York
September 14, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge